UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARGARET DAILEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LENDUP,<br><br>　　　　Defendant. | Case No.: 3:19-cv-1959<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　1.　TCPA, 47 U.S.C. § 227 *et seq.*<br>　2.　OFDCPA, O.R.S. § 646.639<br>　3.　Invasion of Privacy – Intrusion Upon Seclusion |

## COMPLAINT FOR DAMAGES

Plaintiff, Margaret Dailey ("Plaintiff"), through her attorneys, alleges the following against LendUp ("LendUp" or "Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Oregon Fair Debt Collection Practices Act ("OFDCPA"), O.R.S. 646.639, which prohibits debt collectors from

communicating with a debtor repeatedly or continuously or at times known to be inconvenient to the debtor with the intent to harass or annoy the debtor.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

5. Diversity jurisdiction is proper under 28 U.S.C. § 1332. Plaintiff is a natural citizen of the state of Oregon; Defendant is an entity headquartered in the State of California; Plaintiff's demand exceeds the sum of $75,001.00.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendants transact business here; personal jurisdiction is established.

## PARTIES

8. Plaintiff is a natural person residing in the County of Washington, State of Oregon.

9. Plaintiff is a "consumer" as defined by O.R.S. 646.639(1)(c).

10. Plaintiff is a "debtor" as defined by O.R.S. 646.639(1)(i).

11. Defendant is a business entity engaged in the business of online lending, loan servicing and debt collection with its headquarters located at 1750 Broadway, Suite 300, Oakland, CA 94612. LendUp is also known as LendUp Loans, LLC.

12. Defendant is a "creditor" as defined by O.R.S. 646.639(1)(e).

13. Defendant is a "debt collector" as defined by O.R.S. 646.639(1)(h).

## FACTUAL ALLEGATIONS

14. Defendant is attempting to collect an alleged debt from Plaintiff.

15. In or around June 2018, Defendant began placing calls to Plaintiff on her cellular phone number ending in 2858, in an attempt to collect an alleged debt.

16. The calls placed by Defendant originated from the following phone numbers: (925) 524-3921; (609) 975-0020; (347) 809-5912. Upon information and belief, these telephone numbers are operated by Defendant.

17. On or about June 22, 2018, at 8:26 a.m., Plaintiff received a call on her cellular telephone from (925) 524-3921; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

18. Defendant informed Plaintiff that it was attempting to collect a debt relating to her LendUp account.

19. During the phone call, Plaintiff explained that she was going through financial difficulties and was unable to pay at that time. Further, Plaintiff unequivocally revoked consent to be called further on her cellular phone.

20. On or about September 20, 2018, at 11:47 a.m., Plaintiff again received a call on her cellular telephone from (925) 524-3921; Plaintiff heard a pause before the

collection agent began to speak, indicating the use of an automated telephone dialing system.

21. Defendant's agent identified himself as "Travis" and informed Plaintiff that he was attempting to collect a debt relating to Plaintiff's LendUp account.

22. During the phone call, Plaintiff again explained that she was going through financial difficulties and was unable to pay at that time. Further, for the second time, Plaintiff unequivocally revoked consent to be contacted further.

23. On or about October 30, 2018, at 8:23 a.m., Plaintiff again received a call on her cellular telephone from (925) 524-3921; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

24. Defendant's agent identified herself as "Megan" and informed Plaintiff that she was attempting to collect a debt relating to Plaintiff's LendUp account.

25. During the phone call, Plaintiff again explained that she was going through financial difficulties and was unable to pay at that time. Further, for the third time, Plaintiff unequivocally revoked consent to be contacted further.

26. Despite Plaintiff's repeated requests not to be contacted, Defendant continued to call Plaintiff on her cellular telephone.

27. On or about April 29, 2019, at 10:41 a.m., Plaintiff received a call on her cellular telephone from (347) 809-5912; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

28. Defendant's agent identified himself as "Quamaine" and informed Plaintiff that he was attempting to collect a debt relating to Plaintiff's LendUp account.

29. During the phone call, Plaintiff again explained that she was going through financial difficulties and was unable to pay at that time. Further, for the fourth time, Plaintiff unequivocally revoked consent to be contacted further.

30. Despite Plaintiff's fourth request not to be contacted, Defendant continued to call Plaintiff on her cellular telephone.

31. In fact, between June 22, 2018 and May 30, 2018, after Plaintiff's initial revocation of consent to be contacted, Defendant called Plaintiff approximately ONE-HUNDRED AND TWENTY (120) times on her cellular telephone.

32. Furthermore, Defendant would often call Plaintiff's telephones multiple times a day.

33. Upon information and belief, Defendant also called third parties in an attempt to collect from Plaintiff.

34. Plaintiff was laid off in or around July 2017 and was forced to take a job at one-third of her salary thereafter. Due to this, Plaintiff has been under constant stress, and Defendant incessant calls not only added to Plaintiff's stress, but further induced anxiety and frustration.

35. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, physical symptoms in the form of headaches and sleeplessness, and emotional and mental pain and anguish in the form of increased stress, frustration, anxiety, inconvenience, and embarrassment.

# COUNT I
## Defendant's Violations of the TCPA, 47 U.S.C. § 227

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    (a) Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    (b) Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

38. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant

knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Oregon Fair Debt Collection Practices Act, O.R.S. 646.639)

39. Plaintiff incorporates herein by reference paragraphs one (1) through thirty-five (35) of the complaint as though fully set forth herein at length.

40. Defendant violated the OFDCPA O.R.S. 646.639(2)(e) which prohibits a debt collector from "[c]ommunicat[ing] with a debtor or any member of the debtor's family repeatedly or continuously or at times known to be inconvenient to the debtor or any member of the debtor's family and with intent to harass or annoy the debtor or any member of the debtor's family."

41. Defendant's violation of OFDCPA O.R.S. 646.639(2) with the following actions:

    (a) Commencing in or around January 2019, Defendant began calling Plaintiff on a nearly daily basis.

    (b) Commencing in or around January 2019, Defendant began calling Plaintiff multiple times a day.

    (c) Defendant called Plaintiff approximately one-hundred and twenty (120) times after her first revocation.

    (d) Plaintiff had to tell LendUp to stop calling her at least five (5) times before LendUp would heed her request.

42. Defendant's acts, as described above, were done intentionally with the purpose of harassing or annoying Plaintiff in order to induce her to pay the alleged debt.

43. As a result of the foregoing violations of the OFDCPA, Defendant is liable to Plaintiff for the following:

    (a) Actual damages pursuant to O.R.S. 646.641(1).

    (b) Punitive damages pursuant to O.R.S. 646.641(1).

    (c) Plaintiff's reasonable attorney's fees pursuant to O.R.S. 646.641(2).

## COUNT III
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

1. Plaintiff incorporates herein by reference paragraphs one (1) through thirty-five (35) of the complaint as though fully set forth herein at length.

2. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    (a) Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    (b) Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

    (c) Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

3. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Margaret Dailey, respectfully requests judgment be entered against Defendant, LendUp, for the following:

A. Declaratory judgment that Defendants violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B), 47 U.S.C. § 227(b)(3)(C) and 73 P.S. § 2270.5(c);

C. Actual damages pursuant to O.R.S. 646.641(1).

D. Punitive damages pursuant to O.R.S. 646.641(1).

E. Costs and reasonable attorney's fees pursuant to O.R.S. 646.641(2).

F. Actual and punitive damages resulting from the invasion of privacy;

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Date:  December 2, 2019

**PRICE LAW GROUP, APC**

By:   */s/Dawn M. McCraw*
      Dawn M. McCraw, OBN #192649
      8245 N. 85th Way
      Scottsdale, AZ 85258
      T: (818) 600-5585
      F: (818) 600-5485
      E: dawn@pricelawgroup.com
      *Attorney for Plaintiff*
      *Margaret Dailey*